William A. Loginov
(*pro hac vice* application pending; NH State Bar No. 5555)
Nathaniel A. Wickliffe
(*pro hac vice* application pending; NH State Bar No. 267566)
Loginov & Associates, PLLC
214 South Main Street
Concord, NH 03301
Tel: (603) 336-3026
Fax: (978) 935-2662
Email: wloginov@loginovlaw.com

Chris K. Ridder
(CA State Bar No. 218691)
Benjamin A. Costa
(CA State Bar No. 245953)
Ridder, Costa & Johnstone LLP
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975
Email: ecf@rcjlawgroup.com

Attorneys for Plaintiff
MOTIV, INC.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOTIV, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE SILVERSTEIN, an individual; ESOS RINGS, INC., a Delaware Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.    3:17-CV-03009<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,313,609; FRAUD; TRADE LIBEL and/or  BUSINESS DISPARAGEMENT; UNFAIR COMPETITION; AND ANTITRUST VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

1

2

3

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**
**AND OTHER RELIEF**

4

5

Plaintiff, Motiv, Inc. (hereafter "Plaintiff" or "Motiv"), by and through its undersigned

6

counsel, submits this Complaint against Defendant Michelle Silverstein, an individual residing in

7

Los Angeles, California ("Silverstein"); Esos Rings Inc., a Delaware corporation on record with

8

the California Secretary of State to conduct business therein ("Esos"); and DOES 1-100

9

(collectively with the named Defendants, "Defendants"), for Declaratory Judgment and other

relief, and in support thereof alleges as follows:

10

## I.       SUMMARY OF ACTION

11

12

1.       This is an action for a declaratory judgment of non-infringement arising under the

13

patent laws of the United States, Title 35 of the United States Code. Plaintiff Motiv requests

14

relief because Defendants have threatened suit claiming that Plaintiff's product, the Motiv Ring,

15

infringes rights allegedly owned by the Defendants in United States Patent No. 9,313,609 (the

16

"609 Patent"). Defendants' threats, and activities surrounding these threats, have significantly

17

interfered with Plaintiff's operations and relationships with business partners, and have therefore

created a justiciable controversy between Plaintiff and Defendants.

18

19

2.       Plaintiff further seeks to recover its actual damages, costs, and attorney's fees

20

incurred in this action, by reason of the conduct alleged herein, including without limitation

21

Defendants' false statements about Plaintiff, interference with Plaintiff's business relationships,

and unfair competition under the laws of California.

22

## II.       THE PARTIES

23

24

3.       Plaintiff Motiv, Inc. is a corporation organized and existing under the laws of the

25

state of Delaware, with its principal place of business at 179 11th Street 3rd Floor San Francisco,

26

CA 94103. Motiv is the developer of a wearable technology device used for monitoring activity,

heart rate and sleep called the Motiv Ring.

27

28

COMPLAINT FOR DECLARATORY JUDGMENT       2

4.     Defendant Esos Rings, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 2500 Broadway Suite F123, Santa Monica, CA 90404. Esos claims to be the owner of the '609 patent, and has asserted that the '609 patent is infringed by the Motiv Ring.

5.     Defendant Michelle Silverstein is an individual, on information and belief, residing at 13560 Bayliss Road Los Angeles, California 90049. On information and belief, Silverstein is co-owner of and incorporated Esos Rings, Inc.

6.     Doe Defendants 1 through 100, inclusive, (collectively referred to with the other Defendants as "Defendants") are sued herein under fictitious names because their true names, capacities, and the extent of their involvement is unknown to Plaintiff. Plaintiff Motiv will seek leave of Court to amend this complaint to allege such names, capacities, and extent of involvement as soon as the information is ascertained. Plaintiff Motiv is informed and believes, and thereon alleges, that each fictitious Defendant is responsible in some manner for the occurrences alleged herein and, accordingly, is a proper defendant.

### III.     JURISDICTION AND VENUE

7.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, the patent laws of the United States, 35 U.S.C. §§ 1-390, and the antitrust laws of the United States, 15 U.S.C. §§ 1 et seq.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 2201, and 28 U.S.C. § 1367(a).

9.     This Court has personal jurisdiction over the Defendants in that:

    a)  Defendant Silverstein is a resident of the state of California.

    b)  Defendant Esos has its principal place of business in California and has continuous and systematic business contacts within California.

    c)  Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce and of the mails in directing correspondence and other communication to the Plaintiff in this District and state, in connection with the acts, practices, and courses of business,

and specifically in furtherance of their unfair competition, as alleged
herein.

10.     An actual case or controversy has arisen between the parties. Defendants, acting alone and through their counsel, have threatened imminent litigation for patent infringement of the '609 Patent if Plaintiff does not accede to their demands for Plaintiff to take a license from Defendants. Specifically, Defendants contend that Motiv products infringe the '609 patent. Motiv makes and offers to sell a ring in the United States and contends that it has the right to make, use, sell, and/or offer to sell such product in the United States without a license from Defendants. The acts of the Defendants indicate their intent to attempt to enforce the '609 Patent against Motiv, and have created a reasonable apprehension in Motiv that it will face a patent infringement suit by the Defendants relating to Motiv's product. Further, Defendants have participated in activities that interfere with Motiv's ongoing business activities and relationships.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), in that a substantial portion of the acts giving rise to the claims at issue in this litigation occurred in this District.

## IV.     INTRADISTRICT ASSIGNMENT

12.     This is an intellectual property action subject to district-wide assignment pursuant to Local Rule 3-2(c) and 3-5(b).

## V.     ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     History of the '609 Patent and Ownership Dispute

13.     On April 12, 2016, the U.S. Patent Office (the "USPTO") issued the '609 Patent to the sole inventor Joseph Prencipe (hereafter "Prencipe"), an individual residing in Los Angeles, California. The '609 Patent is titled "Contact Information Social Exchange Method and System" and covers a wearable near-field communication ("NFC") device that can replace credit cards and house keys. A copy of the '609 Patent is attached hereto as **Exhibit A**.

14.     After the '609 Patent was granted, Prencipe assigned his rights as an individual in the '609 Patent to a corporation he had formed (McLear & Co.). This assignment of rights from

1   Prencipe to McLear & Co. was executed on October 10, 2016, and recorded with the USPTO on

2   October 20, 2016. **Exhibit B.**

3       15.     On information and belief, Prencipe and Defendant Silverstein allegedly engaged

4   in negotiations for Silverstein to purchase the '609 Patent, and for Prencipe to create new

5   corporate entities for the transfer from himself, as an individual, to a first corporation, and from

6   the first corporation to a second corporation owned by Silverstein.

7       16.     The existence of, and terms of, any alleged agreement and/or assignment(s)

8   between Prencipe and Silverstein are currently disputed between Prencipe and Silverstein.

9       17.     On information and belief, Silverstein formed Esos Rings, Inc. and, claiming to

10  have personal ownership of the '609 Patent, allegedly attempted to assign the '609 Patent from

11  herself to the newly formed entity.

12      18.     On February 21, 2017,  Esos filed suit in District Court in the Central District of

13  California against inventor Prencipe and the entity assigned the '609 Patent, McLear & Co.,

14  alleging that the original assignment of the '609 Patent was invalid, and that the '609 Patent had

15  been assigned to Silverstein. The case was dismissed by that court on February 24, 2017. (The

16  defendant in that case has since moved on April 7, 2017 to have the case re-opened, and the

17  judge ordered the case re-opened on the defendant's motion on May 8, 2017.) *Esos Rings, Inc. v.*

18  *Joseph Prencipe*, (C. D. Cal., case no. 2:17-cv-1381).

19      19.     On February 27, 2017, Esos filed an action in Los Angeles County Superior Court

20  for, inter alia, a claim of breach of contract regarding the dispute over ownership of the '609

21  Patent. An ex parte application by Esos for a Temporary Restraining Order against Defendant

22  Inventor Prencipe was denied on February 28, 2017. On March 30, 2017, the court denied a

23  motion by Esos for a Preliminary Injunction against Prencipe, citing to, inter alia, "credibility

24  issues" and that "Defendant [Prencipe] is the registered owner of the patent." A hearing has been

25  set in that case for October, 2017. *Esos Rings Inc. v. Joseph Prencipe et al.*, Case No.

26  BC652020.

27      20.      Esos is now attempting to intervene in an additional suit in the Northern District

28  of California between Principe and KERV Wearables LTD, in which Prencipe is asserting

infringement of the '609 Patent. An agreed upon motion to stay was filed by Defendant Kerv in that suit, moving to stay the case until ownership of the patent could be resolved by the state court in *Esos Rings Inc. v. Joseph Prencipe et al.* Esos then moved to intervene in the Kerv case due to its alleged ownership of the '609 patent, and also filed an *ex parte* application to hold Kerv's motion to stay in abeyance. A hearing on Esos' motion to intervene and Kerv's motion to stay has been set in that case for October, 2017. *Prencipe et al v. KERV Wearables LTD*, 5:16-cv-07159-BLF.

21.     The above referenced suits are pending, and the issue of ownership has not been determined in any proceeding as of the filing of this action. As such, the proper owner of the '609 remains an unresolved matter.

22.     On information and belief, Defendant Esos and Prencipe are Non-Practicing Entities who do not make, use, or sell any products.

B.     **Claims of the '609 Patent**

23.     Claims 1-6 of the '609 recite numerous limitations that even a casual reader of Motiv's website would quickly determine are not present in the Motiv Ring. For example:

   a.     a transceiver attached to the wearable housing and configured to receive a first data item, the first data item being a first personal identification number;

   b.     a memory configured to store the first data item; and

   c.     the transceiver is enclosed within a decorative portion of the ring.

24.     Due to amendments made during prosecution for the purpose of overcoming prior art, claim elements such as "a first personal identification number" and "the transceiver is enclosed within a decorative portion of the ring" must be met exactly by any accused device, and do not receive the benefit of the Doctrine of Equivalents. The limitation of the transceiver being enclosed within a decorative portion of the ring is crucial to the claims, as the Patent Examiner explained that all of the other limitations in the independent claims have been taught by the prior art, and the addition of the 'enclosed within a decorative portion of the ring' limitations to the independent claims were the reason he found the claims had become allowable.

25.     Claims 7-20 of the '609 Patent recite numerous limitations that even a casual reader of Motiv's website would quickly determine are not present in the Motiv Ring. For example:

> a.     receiving a presence announcement from a sender at a transceiver;
>
> b.     the transceiver being enclosed within a decorative portion of the ring;
>
> c.     receiving a data item from the sender, the data item being a personal identification number; and
>
> d.     storing the data item in a data store attached to the wearable housing.

26.     Due to amendments made during prosecution for the purpose of overcoming prior art, claim elements such as "a first personal identification number" and "the transceiver is enclosed within a decorative portion of the ring" must be met exactly by any accused device, and do not receive the benefit of the Doctrine of Equivalents. The limitation of the transceiver being enclosed within a decorative portion of the ring is crucial to the claims, as the Patent Examiner explained that all of the other limitations in the independent claims have been taught by the prior art, and the addition of the 'enclosed within a decorative portion of the ring' limitations to the independent claims were the reason he found the claims had become allowable.

C.     **Plaintiff's Motiv Ring**

27.     Plaintiff Motiv is a San Francisco-based technology company founded in 2013. Motiv has developed and marketed a small and lightweight fitness tracker device.

28.     Plaintiff is the inventor of a wearable piece of technology that allows users to track various health-related statistics such as heart rate, active minutes, and sleep activity and monitor such activities via software on a mobile device.

29.     Plaintiff's product is the result of years of research and significant investment.

30.     The current embodiment of the device is called the Motiv Ring.

31.     Plaintiff currently offers pre-sales of the Motiv Ring at the domain https://mymotiv.com/motiv-ring, and Plaintiff intends to ship the Motiv Ring in late summer 2017.

D.    **Plaintiff's Motiv Ring does not infringe the '609 Patent**

32.    The Motiv Ring does not directly or indirectly infringe on the claims in the '609 Patent, either literally or through the Doctrine of Equivalents, because the Motiv Ring does not meet each and every limitation of the claims of the '609 Patent. A significant number of claim limitations of the '609 patent are plainly absent from Motiv rings, and any attempt to characterize Motiv rings as containing each and every limitation of the 609 patent claims is profoundly inaccurate. Although Plaintiff has presented only four missing elements below, Plaintiff reserves the right to reference other missing elements in the future. Numerous claim limitations common to all independent claims that are conspicuously absent include:

    a.    The Motiv Ring does not receive a presence announcement from a sender.

    b.    The Motiv Ring is not configured to receive a personal identification number, and the Motiv Ring does not receive a personal identification number.

    c.    The Motiv Ring does not have a memory configured to store a personal identification number, and the Motiv Ring not store a personal identification number in a memory.

    d.    The Motiv Ring does not have a transceiver enclosed within a decorative portion of the ring. Plaintiff notes that the addition of this limitation to the '609 Patent was the reason the claims were eventually found to be allowable during prosecution, and this limitation must be met exactly. Motiv does not meet this claim element in any way.

E.    **Defendants' Allegations of Patent Infringement against Plaintiff Motiv and Interference with Plaintiff's Business Relations**

33.    On the morning of May 11, 2017, Defendant Silverstein first contacted Motiv using her personal email account and claimed that "Motiv is violating my patent" without identifying any specific patents, referencing any further details, or providing any analysis to support her allegations. These allegations were objectively made in bad faith, in part because no

reasonable litigant would expect to prevail on claims of infringement of the '609 Patent against Motiv. Her email demanded that she or her attorney be contacted "immediately."

34.     Within ten (10) minutes of that email, Defendant Silverstein sent a message to a co-founder of Motiv through the social media site LinkedIn, saying "there is a patent violation issue with Motiv" and insisting that Motiv reach out to her or her counsel "ASAP." This message also failed to identify any specific patents, reference any further details, or provide any analysis to support Defendants Silverstein's baseless allegations. However, this message did hint at a possible motive for why Defendants might make such an allegation: the message said, "we have a major launch coming up in a few weeks with an entertainment brand."

35.     Later that same day, Defendant Silverstein sent another LinkedIn message to an employee of Motiv requesting the contact information of Motiv's legal counsel because "we have a patent issue with Motiv."  This message similarly failed to identify any specific patents, reference any further details, or provide any analysis to support Defendant Silverstein's allegations.

36.     The following Monday, May 15, 2017, after the close of business hours at 6:35 p.m., Defendant Silverstein used the Motiv website contact portal to claim that Motiv is "violating our transceiver ring patent" and demanding that Motiv contact her or her legal counsel "by Tuesday, May 16 @ 3PM PST," less than twenty four (24) hours later.

37.     The following morning, Tuesday, May 16, 2017, less than five (5) days and less than three (3) business days after her initial contact, Motiv learned from one of Motiv's investors at Granite Ventures that Defendant Silverstein, continuing to act in bad faith, had also taken the egregious step of contacting Motiv's investors, to tell the investors that Motiv is infringing a patent. This contact was inappropriate and constituted, *inter alia*, an actionable interference with Motiv's business relationships.

38.     On Tuesday morning, May 16, 2017, before 10:30 a.m., counsel for Motiv had reached out to counsel for Defendants and left messages at multiple phone numbers for Defendants' counsel, and counsel for both parties were in discussion at 3 p.m., as demanded by Defendants. Defendants' counsel provided the number of the asserted patent for the first time,

and agreed to instruct Defendant Silverstein to cease communication with Motiv, Motiv's employees, and Motiv's investors. No claim analysis was provided to support Defendants' allegations of infringement.

39.    On Wednesday, May 17, 2017, Silverstein again contacted the co-founder of Motiv to allege patent infringement and stated that Motiv was unreasonable in not responding to her copious methods of contact when, in fact, the parties were conferring through their respective counsels. The email states: "[w]e own the transceiver ring patent in the US and the Motiv device infringes our IP." Not only did this email fail to provide any analysis to support Defendants' allegations, it radically overstated the scope of Defendants' patents: their patent is not "the transceiver ring patent" and it does not cover any ring that happens to have wireless communication capability. Defendant Silverstein again referenced Esos' purportedly upcoming product launch, stating, "we have an exclusive agreement and product launch with a global brand in a few weeks. For us, this is an extremely serious and economically damaging issue."

40.    Throughout her numerous harassing contacts, Silverstein represented herself sometimes as herself, an individual and the owner of the patent, and sometimes as a representative of Esos, an entity that owns the patent.

41.    Later on Wednesday, May 17, 2017, Defendants, acting through counsel, threatened Plaintiff that they would proceed with filing for an injunction unless Motiv agreed to take a license from Esos in the patent it claims to own.  Neither Defendants nor their counsel have provided any evidence or claim analysis to support their allegations of infringement, and neither has acknowledged or informed Motiv that ownership of the patent is in dispute. To the contrary, counsel for Defendants baldly alleged both that the patent "is readily infringed by the Motiv Ring," and that "[t]hat patent is owned by our client, Esos Rings."  Counsel for Defendants went on to say: "Our client is demanding that Motiv take a license prior to its launch. As we see it, the options are a license or an injunction, but we must proceed quickly given our understanding of Motiv's fast-approaching launch date."

42.    On Thursday morning, May 18, 2017, Counsel for Motiv emailed counsel for Defendants, again requesting  Defendants to "direct us to specific analysis on why you believe

the '609 patent is 'readily infringed' by the Motiv Ring." Despite replying later in the day that they would deliver a claim chart "tomorrow," opposing counsel still has not provided the promised claim chart, or any other evidence or analysis in support of their allegations.

43.    Defendants' "high-pressure sales tactics," including attempting to negotiate on an unreasonably tight schedule; wrongfully contacting Motiv's investor in an attempt to extort Motiv into a quick settlement; failing to notify Motiv that ownership of the '609 patent was in serious doubt; and frivolously alleging infringement of the '609 patent, are inappropriate, unfair, oppressive and, as alleged herein, illegal.

44.    Defendants' allegations of infringement were objectively made in bad faith, because no reasonable litigant could allege that Motiv infringed the '609 patent.

45.    Defendants acted subjectively in bad faith by, inter alia, employing the high pressure sales tactics described herein and in the preceding paragraphs in an attempt to abuse the legal process and disrupt Plaintiff's business.

46.    Motiv denies Defendants' contentions of infringement, and an actual controversy exists at least as to whether Motiv infringes the '609 Patent.

47.    Neither Defendant Esos nor any of its affiliates is currently making, using, selling, or offering to sell any products covered by the claims in the '609 Patent.

48.    Defendants' unreasonable and harassing communications, including contacting its investors to wrongfully allege infringement of a patent with questionable ownership, and without giving Motiv a reasonable amount of time to reply to the contacts, significantly interferes with Motiv's operations and business relations.

## FIRST COUNT
### Declaratory Judgment of Non-Infringement of the '609 Patent

49.    Motiv re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1-48 as though fully set forth herein, as part of this claim for relief.

50.    Defendants have threatened to file a lawsuit against Motiv alleging infringement of the '609 Patent. There is substantial controversy, between Motiv and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     An actual and substantial controversy has arisen and now exists between the parties concerning whether Plaintiff's manufacture, use, sale, offer for sale, or importation of Motiv rings infringes any valid and enforceable claim of the '609 patent, either directly or indirectly, literally, under the Doctrine of Equivalents, or otherwise.

52.     Motiv does not infringe the '609 Patent, because the Motiv product does not meet each and every feature of the claims, either directly or indirectly, literally, under the Doctrine of Equivalents, or otherwise.

53.     By way of example and without limiting the grounds of noninfringement that will be asserted, Motiv rings do not infringe the '609 Patent at least because each and every claim of the '609 Patent requires a transceiver on the ring that receives a personal identification number, the storing of that personal identification number in a memory or data store on the ring, and a transceiver enclosed within a decorative portion of the ring. Motiv's rings do not receive a personal identification number, do not store a personal identification number in a memory, and do not have a transceiver enclosed within a decorative element of the ring.  Furthermore, receiving the personal identification number, and the transceiver being enclosed within a decorative element of the ring are limitations of the independent claims that were added during prosecution, and therefore do not benefit from the Doctrine of Equivalents and must be met exactly.  The Patent Examiner found that all limitations of the independent claims were already taught by the prior art, with the exception of the added limitation requiring that the transceiver is enclosed within a decorative element.  This limitation is crucial to the patent claims, and must be met exactly.

54.     Motiv expressly reserves the right to assert additional grounds of noninfringement after having the ability to conduct discovery and after the Court has construed the claims.

55.     Plaintiff seeks a declaratory judgment that making, using, offering to sell, selling, and importing Motiv rings does not and will not infringe any valid and enforceable claim of the '609 patent.

## SECOND COUNT
### Fraud or Deceit

56.     Plaintiff repeats, re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1-55 as though fully set forth herein, as part of this claim for relief.

57.     Defendant Silverstein has made false and misleading statements to Motiv that Defendant represented as true. Defendants have falsely claimed free and clear ownership of the '609 Patent, and falsely claimed that Motiv and Motiv's products infringed the '609 Patent through written statements such as: "Motiv is violating my patent."

58.     Defendant Silverstein made false and misleading statements to Motiv's investors, at least including investors at Granite Ventures, intending or reasonably expecting that it would be repeated to Motiv and other Motiv investors.

59.     Defendant Silverstein's statements were presented by Defendant as being true.

60.     Defendant Silverstein knew her statements were false.

61.     Defendant Silverstein lacked reasonable grounds for believing her false statements were true.

62.     Defendant Silverstein's statements were objectively false, because Defendant's ownership of the patent is very much in doubt and is currently being litigated in California State Court. As noted by the California state court, "[Prencipe] is the registered owner of the patent." On information and belief, Defendants did not, in connection with any of their false statements to Motiv's investors, convey any information suggesting that ownership of the patent was in doubt, or that Defendants were not the registered owners of the patent.

63.     Defendant Silverstein's statements were objectively false, because Motiv does not infringe the '609 Patent, and it would be unreasonable for anyone who had reviewed the patent and Motiv's products to believe otherwise.

64.     Defendant Silverstein's statements were objectively false, because Defendant has repeatedly represented clear and free ownership of the '609 Patent, and has not acknowledged that the ownership of that patent is in dispute.

65.     Defendant Silverstein knew that the representations were false when she made them, or at least she made the representation recklessly and without regard for its truth, at least because Defendants are involved in the patent ownership dispute litigation that said "[Prencipe]

is the registered owner of the patent," and because any reasonable person would know that the patent is not infringed by Motiv.

66.    Defendant Silverstein intended that Motiv would rely on the false representations, shown at least by Defendants' demands that Motiv take a license in the '609 patent.

67.    Motiv reasonably relied on Defendant Silversteins's representation.

68.    Motiv was harmed by the representation, at least because Motiv spent time and money in having to identify the asserted patent, having the engineering department review product specifications in comparison to the exerted patent, assuaging investors, and consulting with and paying for attorneys.

69.    Motiv's reliance on Defendant Silverstein's representation was a substantial factor in causing Motiv's harm.


## THIRD COUNT

### Trade Libel and/or Business Disparagement

70.    Plaintiff repeats, re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1-69 as though fully set forth herein, as part of this claim for relief.

71.    Defendants have made false and misleading statements regarding Motiv and Motiv's products to third parties, including Motiv's investors.

72.    Defendants published untrue statements in written communication to third parties, at least including Motiv's investors at Granite Ventures.

73.    Defendants' statements falsely asserted that Motiv and Motiv's product infringe a patent owned by Defendant.

74.    Defendants' false or misleading statements misrepresented the scope of the patent.

75.    Defendants' false or misleading statements misrepresented clear and free ownership of the patent.

76.    The statements alleging patent infringement were objectively false.

77.    Defendants published the statements as facts.

78.    Defendants made the communications knowing they were false and/or with reckless disregard of the truth. No reasonable person would have considered Defendants' fact finding as acceptable practice prior to publishing the untrue statements, and no reasonable person could find that Motiv infringes the patent in suit.

79.    Defendants' conduct constitutes an exceptional case.

80.    Defendants' false or misleading statements cause disparagement to Motiv and Motiv products.

81.    Motiv was harmed by the disparagement caused by Defendants.

82.    Plaintiff's business and business reputation have been harmed by the objectively false statements published by Defendants.

## FOURTH COUNT
### Unfair Competition
### (California Business and Professions Code § 17200 et seq.)

83.    Plaintiff repeats, re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1-82 as though fully set forth herein, as part of this claim for relief.

84.    The conduct of the Defendants described herein constitutes business conduct which is contrary to honest practice in commercial matters, with the purpose and intent of disrupting and interfering in Plaintiff's business, which constitutes a violation under the California Business and Professions Code § 17200 et seq.

85.    Defendants have intentionally, knowingly and/or recklessly made unfounded and baseless allegations of infringement of the '609 Patent.

86.    Defendants have intentionally interfered with Plaintiff's lawful operations by contacting Plaintiff's investors in an attempt to pressure Plaintiff to succumb to Defendants' demands.

87.    As a part of this unlawful activity, Defendants have intentionally and deliberately misrepresented free and clear ownership of the '609 Patent to Motiv and its investors, and to the public.  Each communication from Defendants asserts unquestioned ownership. When

Defendants' counsel was asked to provide evidence in support of Defendants' ownership claims in light of the ongoing ownership dispute, Defendants' counsel only repeated the assertions of free and clear ownership, without acknowledging that the ownership is in serious doubt.

88.     Defendants have wrongfully contacted, intimidated, defamed and harassed Plaintiff and Plaintiff's business associates, for the purpose of causing injury to Plaintiff, and for the purpose of implying that such conduct would continue until such time as Plaintiff took a license to Defendants' patent – which does not cover Motiv's product.  This harassment by Defendants, including through emails that copied Defendants' attorney, continued even after Plaintiff's attorney spoke with Defendants' attorney.

89.     As a part of this unlawful activity, Defendants have intentionally and deliberately misrepresented the scope of the '609 Patent and infringement of the '609 patent to the public, including Motiv's investors, in order to intimidate, harass, and mislead Plaintiff and Plaintiff's business associates, to cause injury to Plaintiff, and extort a license agreement from the Plaintiff for a patent that does not cover Plaintiff's product, and have committed libel in doing so.

90.     Because of Defendants' intentional and willful conduct described herein, Plaintiff is entitled to appropriate damages, including attorneys' fees, and an order enjoining Defendants from continuing such unlawful and unfair practices.

### FIFTH COUNT

### Monopolization and Attempted Monopolization

### (The Sherman Act, 15 U.S.C. §§ 1 et seq)

91.     Plaintiff repeats, re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1-48 and 55-90, as though fully set forth herein, as part of this claim for relief.

92.     Defendants' infringement accusations of the '609 Patent by Motiv and the threats of an imminent lawsuit were and are objectively baseless. No reasonable litigant could reasonably allege infringement or realistically expect success on the merits, because the patent is clearly not infringed by Motiv.

93.     Defendants' infringement accusations of the '609 Patent by Motiv and the threats of an imminent lawsuit were and are motivated by a subjective intent to abuse the litigation process to interfere with Motiv's business, rather than obtain judicial relief. For example, Defendants improperly threatened legal action against Motiv for the purpose of demanding a license agreement from Motiv, based, at least in part, on avoidance of litigation and disruption of Motiv's product launch.

94.     Defendants' threatened lawsuit constitutes sham litigation and strips Defendants of any immunity to the United States Antitrust laws.

95.     In the May 17, 2017 email from Defendant Silverstein, representing Defendant Esos, Defendant stated that "[w]e own the transceiver ring patent in the US and the Motiv device infringes our IP." As construed by Defendants, the claims of the '609 Patent are so broad that any manufacturer or provider of smart rings in the United States requires a license under the '609 Patent, or risks being sued by Defendants for patent infringement. Accordingly, as construed by Defendants, the '609 Patent dominates the relevant market. As defined by Defendants, the relevant market product is transceiver rings, and the Relevant Market geographic area is the United States.

96.     Defendants have asserted the '609 Patent against Motiv, and are attempting to intervene in the aforementioned Principe v. Kerv case, *Prencipe et al v. KERV Wearables LTD*, 5:16-cv-07159-BLF, also in the Northern District of California, for the purpose of asserting the '609 Patent against at least one other company operating in the relevant market, Kerv. Defendant Esos is also opposing a motion to stay until ownership of the patent can be determined in that case. Defendants are attempting to use the patent to impose unnecessary and frivolous litigation expenses upon at least its competitors Motiv and Kerv, by attempting to litigate infringement against them before the matter of ownership of the '609 patent is determined.

97.     Upon information and belief, Defendants have engaged in a pattern of wrongfully threatening infringement and engaging in frivolous litigation against its competitors in the relevant market, including Motiv and Kerv, with the specific intent of acquiring monopoly power within the relevant market.

98.     Upon information and belief, neither Motiv nor Kerv infringe upon any claims of the '609 Patent.

99.     Upon information and belief, Defendants ignore the scope of the claims of the '609 Patent while accusing companies, like Motiv and Kerv, of infringing the '609 Patent in an attempt to establish a significant barrier to entry of or continuing business in the relevant market and thus has improperly exhibited market power in the relevant market. Through their pattern of threatening and engaging in costly and frivolous patent infringement litigations in the relevant market, without regard to claim scope of the '609 Patent,  Defendants have been continuously engaged in anticompetitive and predatory conduct designed to illegally maintain and/or extend its market power in the relevant market.

100.     Through their illegal anticompetitive conduct, Defendants have monopolized and/or attempted to monopolize the relevant market, in violation of 15 U.S.C. § 2.

101.      Defendants' illegal anticompetitive conduct has caused and will continue to cause injury to Motiv in the form of, for example, damage to the reputation of Motiv's business and products, potential lost profits, attorneys' fees, and other costs associated with frivolous litigation.

102.     Accordingly, a valid and justiciable controversy has arisen and exists between Motiv and  Defendants with respect to  Defendants' anticompetitive practices and Motiv hereby seeks judgment in our favor that such anticompetitive practices are in violation of 15 U.S.C. § 2.

## **PRAYER FOR RELIEF**

Plaintiff Motiv has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendants' aforesaid activities. Defendants will, unless restrained and enjoined, continue to act in the unlawful manners complained of herein, causing irreparable damage to Motiv. Motiv's remedies at law are not adequate to compensate for injuries suffered and threatened. By reason of Defendants' acts complained of herein, Motiv has suffered monetary damages in an amount not yet determined.

WHEREFORE, Plaintiff, Motiv, Inc., prays this Court:

(A) Declare that Plaintiff's Motiv Ring does not infringe the '609 Patent;

(B) Declare that judgment be entered in favor of Motiv and against Esos and Silverstein on each of Motiv's claims;

(C) Order a Preliminary and Permanent Injunction pursuant to Fed. R. Civ. P. 57, permanently enjoining, restraining and prohibiting Defendants, subsidiaries, related and affiliated corporations, businesses, and entities, shareholders, directors, officers, agents, brokers, employees, legal representatives, successors and assigns, and all persons and entities in privity with them, and all those in active concert or participation with any of the foregoing enumerated persons or entities, from using, directly or indirectly, any trade practices, including those complained of herein, including but not limited contacting Plaintiff's investors or business relations, that tends to injure Plaintiff, or otherwise injures Plaintiff's business or reputation in any manner;

(D) Enter judgment against Defendants in the amount of its actual damages; for Defendants' unlawful and unfair competition practices, believed to be in excess of $75,000;

(E) Find that  Defendants violated 15 U.S.C. §2 and award damages and/or restitution to Motiv sufficient to compensate Motiv for  Defendants' violation of 15 U.S.C. §2, in an amount to be proven at trial, including trebled damages, attorneys' fees and prejudgment interest;

(F) Find that this in an exceptional case under 35 U.S.C. §285;

(G) Enter judgment declaring that Defendants be taxed with the full costs of the suit and the full amount of Plaintiff's attorneys' fees;

(H) Award Plaintiff punitive and/or exemplary damages, in amounts to be determined by the trier of fact; and

(I) Award Plaintiff such other relief, legal and equitable, general and special, to which Plaintiff may be entitled.

1

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

2      Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff Motiv, Inc. hereby

3   demands a trial by jury of all issues triable before a jury.

4

5                                    Respectfully submitted,
                                     Motiv, Inc.

6
                                     By their attorneys,
7                                    Loginov & Associates, PLLC
                                     Ridder, Costa, & Johnstone LLP
8

9                                    **LOGINOV & ASSOCIATES, PLLC**

10
    Dated: May 24, 2017          By: /s/_____/William A. Loginov/_____
11                                   William A. Loginov (*pro hac vice*
                                     application pending; NH Bar No. #5555)
12                                   Nathaniel A. Wickliffe (*pro hac vice*
                                     application pending; NH Bar No. #267566)
13

14
                                     214 South Main Street
15                                   Concord, NH 03301
                                     (603) 336-3026
16                                   wloginov@loginovlaw.com

17

18                                   **RIDDER, COSTA & JOHNSTONE LLP**

19
    Dated: May 24, 2017          By: /s/_____/Chris K. Ridder/_____
20                                   Chris K. Ridder
                                     (CA Bar No. 218691)
21                                   Email: chris@rcjlawgroup.com

22                                   Benjamin A. Costa
                                     (CA Bar No. 245953)
23                                   Email: ben@rcjlawgroup.com

24                                   12 Geary Street, Suite 701
                                     San Francisco, CA 94108
25                                   Tel: (415) 391-3311
                                     Fax: (415) 358-497

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT      20